ALAN H. BARBANEL (Cal Bar No. 108196)
abarbanel@btlawla.com
PAUL A. IMPELLEZZERI (Cal Bar No. 231012)
pimpellezzeri@btlawla.com
BARBANEL & TREUER, P.C.
1925 Century Park East, Suite 350
Los Angeles, California 90067
Telephone: (310) 282-8088
Facsimile: (310) 282-8779

Attorneys for Plaintiff, GENERAL STAR INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GENERAL STAR INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>KHANEH HOLDINGS, LLC,<br><br>Defendant. | Case No.<br><br>**PLAINTIFF GENERAL STAR INDEMNITY COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff GENERAL STAR INDEMNITY COMPANY ("General Star") files this action in the United States District Court for the Central District of California on the basis of Diversity of Citizenship, pursuant to 28 U.S.C. § 1332, and alleges as follows:

**JURISDICTION**

1. This Court has original jurisdiction under 28 U.S.C. §1332 because this is a civil action for declaratory judgment between citizens of different states and the amount in controversy, exclusive of any interest and costs, exceeds $75,000.00.

2. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to resolve an issue of actual controversy between the parties.

3. General Star is a citizen of the states of Delaware and Connecticut because it is incorporated under the laws of the state of Delaware and has its principal place of business in Stamford, Connecticut.

4. Stamford, Connecticut, is General Star's principal place of business because it performs the majority of its executive and administrative functions and its officers direct, control, and coordinate its activities from its headquarters in Stamford, Connecticut. Corporate policies and procedures of General Star are implemented through its headquarters in Stamford, Connecticut, which is where its "nerve center" is located.

5. Defendant Khaneh Holdings, LLC ("Khaneh") is a Nevada limited liability company with its offices headquartered in California. Khaneh is authorized to conduct and did conduct business in California.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) in that the defendant is a citizen of California and the defendant resides within this judicial district. Additionally, all the events giving rise to the causes of action asserted in this complaint took place within this judicial district as it involves an insurance policy which was delivered to Khaneh in the City of Los Angeles, California; the Policy insures property located in the City of Los Angeles; and the events giving rise the insurance claim that is the subject of this suit took place in the City of Los Angeles.

## ISSUANCE OF THE POLICY

7. General Star issued a Commercial Insurance Policy, number IMA359733, to Khaneh effective February 12, 2019 through February 12, 2020, but

extended by endorsement to March 17, 2020 (the "Policy"). A true and correct copy of the Policy is attached as **Exhibit "A"**.

8. The Policy includes a Commercial Property Coverage Part, Commercial General Liability Coverage Part, and Equipment Breakdown Coverage with respect to a single family home located at 1654 Blue Jay Way, Los Angeles, California (the "Blue Jay House").

9. The Policy's Commercial Property Coverage Part provides Building and Personal Property ("BPP") coverage, pursuant to the terms of the "Building and Personal Property Coverage Form" CP 00 10 10 12, with $6,376,000 building and $100,000 personal property limits of insurance. The Policy also provides Business Income with Extra Expense ("BI") coverage, pursuant to the "Business Income (And Extra Expense) Coverage Form" CP 00 30 10 12, with a $1,000,000 limit of insurance.

10. The Policy's BPP coverage is limited to coverage for "direct physical loss of or damage to Covered Property" resulting from any "Covered Cause of Loss."

11. The Policy's BI coverage provides coverage for "the actual loss of Business Income" the Insured sustains due to the "suspension" of its operations. The "suspension" must be "caused by direct physical loss of or damage" to the Insured's property. The loss of Business Income "must be caused by or result from a Covered Cause of Loss." Accordingly, both the BPP coverage and BI coverage are limited by what is a "Covered Cause of Loss" under the Policy.

12. The terms and conditions of what is a "Covered Cause of Loss" are provided by the "Causes of Loss – Special Form" CP 10 30 09 17. Section A. of that form, titled "Covered Causes of Loss," states that a "Covered Cause of Loss" means "direct physical loss unless the loss is excluded or limited in this policy." Section B. of the same form, titled "Exclusions," identifies causes of loss or damage that do not constitute a "Covered Cause of Loss." Paragraph 1.g.(3) of that section (the "Water Exclusion") specifically provides, in relevant part, as follows:

**B. Exclusions**

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

   ***

   **g.    Water**

   ***

   **(3)** Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment;

   ***

   This exclusion applies regardless of whether any of the above, in Paragraphs **(1)** through **(5),** is caused by an act of nature or is otherwise caused.

13. Accordingly, pursuant to the Water Exclusion, loss or damage caused by water that backs up or overflows or is otherwise discharged from a sewer or drain is not covered under the Policy's BPP coverage or BI coverage.

14. Even though loss or damage resulting from a water back-up or overflow is not covered under the main coverage form, attached to the Policy is an Endorsement, Form CPR 04 0001 06 18, entitled "Water Back-Up And Sump Overflow" (the "Back-Up & Overflow Endorsement") which adds back limited coverage. Specifically, the Back-Up & Overflow Endorsement provides as follows:

The following provision is added to Section **A.5. Coverage Extensions**:

**Water Back-up And Sump Overflow**

**(1)** We will pay for direct physical loss or damage to Covered Property caused by or resulting from:

   **(a)** Water which backs up through or overflows from a sewer or drain; . . .

   ***

**(3)** The most we will pay under this endorsement, for the total of all covered loss and expense, is the applicable WATER BACK-UP AND SUMP OVERFLOW LIMIT shown in the Schedule. Such Limit is part of, not in addition to, the Limit of Insurance applicable to the Covered Property.

**(4)** To the extent that the Water Exclusion might conflict with the coverage provided under this endorsement, the Water Exclusion does not apply to such coverage.

All other terms, conditions and exclusions remain unchanged.

15. The Schedule on the Back-Up & Overflow Endorsement reflects that the WATER BACK-UP AND SUMP OVERFLOW LIMIT is $10,000 each occurrence. That $10,000 sublimit (the "Back-Up & Overflow Sublimit") is shown on both the Policy's Commercial Property declarations and on the Back-Up & Overflow Endorsement itself.

16. By its express terms, the only form in the Policy that the Back-Up & Overflow Endorsement modifies is the BPP coverage form, and it therefore does not provide any coverage for business income or extra expense caused by or resulting from water that backs up through or overflows from a sewer or drain.

### THE WATER DAMAGE LOSS AT THE BLUE JAY HOUSE

17. The Blue Jay House sustained water damage on or about March 4, 2020 (the "Loss").

18. On or about March 9, 2020, Khaneh gave notice of the Loss to General Star.

19. General Star's investigation of the Loss determined that the Loss resulted from a blockage to one of the home plumbing lines caused by materials flushed down a toilet, including but not limited to non-flushable wipes and a hand towel. Due to the blockage, water that would normally flow through the pipe into the sewer instead backed up and overflowed from a number of places including the toilet, the shower drain, and other drains in the Blue Jay House, which then caused water damage to the lower floors and the basement.

## THE DISPUTE BETWEEN GENERAL STAR AND KHANEH

20. Pursuant to the plain terms of the Policy, absent the limited coverage provided by the Back-Up & Overflow Endorsement, the Water Exclusion would completely exclude coverage under the Policy's BPP coverage for the Loss with respect to Khaneh's property damage claims. Accordingly, the Back-Up & Overflow Endorsement provides the only coverage for the Loss under the Policy, up to a maximum limit of $10,000.

21. Consequently, General Star's liability to Khaneh for the property damage portion of the Loss is subject to the Back-Up & Overflow Sublimit of $10,000.

22. Pursuant to the plain terms of the Policy, the Water Exclusion also completely excludes coverage under the Policy's BI coverage for the Loss with respect to Khaneh's lost business income resulting from the Loss. Accordingly, no coverage is available for the business income damage.

23. General Star tendered payment of the full $10,000 sublimit to Khaneh by check on or around August 13, 2020. Khaneh has refused to negotiate the check tendered by General Star and has instead disputed General Star's coverage position.

24. Specifically, Khaneh disputes General Star's coverage position by contending that coverage for the Loss is not limited by the Water Exclusion or the Back-Up & Overflow Sublimit and that, instead, the full Policy limits of $6,376,000 for building property, $100,000 for personal property, and $1,000,000 for business income apply.

## FIRST CAUSE OF ACTION
## DECLARATORY RELIEF
### ($10,000 in Coverage for Building and Personal Property)

25. General Star realleges and incorporates by reference each and every paragraph above as if fully set forth in this cause of action.

26. An actual controversy has arisen and now exists between General Star

and Khaneh regarding the application of the Water Exclusion and Back-Up & Overflow Sublimit to the BPP portion of the Loss. Specifically, General Star contends that coverage for the Loss under the Policy's BPP coverage is limited to the $10,000 provided by the Back-Up & Overflow Endorsement. Khaneh disagrees and contends that full policy limits apply to the BPP portion of the Loss.

27. General Star has no other adequate remedy at law and a judicial determination of the respective obligations of the parties to this action will terminate the dispute over the actual controversy existing between General Star and Khaneh.

28. Therefore, General Star seeks a judicial determination as to the parties' rights and obligations under the Policy. Specifically, General Star seeks a declaration that the Back-Up & Overflow Sublimit applies to the BPP portion of the Loss, and therefore, the full limits of the Policy do not apply and General Star's obligation under the Policy to indemnify Khaneh for the Loss with respect to property damage is limited to $10,000.

## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF
### (No Coverage for Lost Busines Income)

29. General Star realleges and incorporates by reference each and every paragraph above as if fully set forth in this cause of action.

30. An actual controversy has arisen and now exists between General Star and Khaneh regarding the application of the Water Exclusion and Back-Up & Overflow Sublimit to the BI portion of the Loss. Specifically, General Star contends that there is no coverage for Loss under the Policy's BI coverage. Alternatively, General Star contends to the extent such coverage did exist, it would be included in the single limit of $10,000 that the Back-Up & Overflow Endorsement provides for the Loss. Khaneh disagrees and contends that full policy limits apply to the business income portion of the Loss.

31. General Star has no other adequate remedy at law and a judicial

determination of the respective obligations of the parties to this action will terminate the dispute over the actual controversy existing between General Star and Khaneh.

32. Therefore, General Star seeks a judicial determination as to the parties' rights and obligations under the Policy. Specifically, General Star seeks a declaration that the Water Exclusion applies to the BI coverage for the Loss, and therefore, that no BI coverage is available for the Loss. Alternatively, General Star contends that the full BI limits of the Policy do not apply, and General Star's obligation under the Policy to indemnify Khaneh for the Loss with respect to BI and BPP together is limited to the Back-Up & Overflow Sublimit of $10,000.

## PRAYER FOR RELIEF

WHEREFORE, General Star prays for judgment against Khaneh as follows:

1. For a judicial declaration that the Water Exclusion and the Back-Up & Overflow Endorsement apply to the Loss and, therefore, General Star's liability to provide Khaneh with BPP coverage for the Loss under the Policy is limited to $10,000;

2. For a judicial declaration that the Water Exclusion applies to the Loss and, therefore, General Star has no liability to Khaneh for the Loss under the Policy's BI coverage; and

For costs as provided by law, and for such other and further relief as this Court deems just and proper.

DATED:  November 13, 2020        BARBANEL & TREUER, P.C.
                                 ALAN H. BARBANEL
                                 PAUL A. IMPELLEZZERI

                                 By:  *Alan H. Barbanel*
                                      ALAN H. BARBANEL
                                      Attorneys for Plaintiff GENERAL STAR
                                      INDEMNITY COMPANY